## RACHEL SILVERSTEIN v. CITY OF HARTFORD ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 77876

Memorandum filed November 20, 1946.

Cole & Cole, of Hartford, for the Plaintiff.

Day, Berry & Howard, Samuel H. Aron and William J. Galvin, of Hartford, for the Defendant.

INGLIS, J. The complaint in this action is in two counts. In the first count the plaintiff sets up a cause of action for personal injuries against the city of Hartford based upon the claimed breach of that defendant's statutory duty to keep its sidewalks in repair. In the second count she alleges a claimed cause of action for the same personal injuries against the defendant Gershman, apparently sounding in negligence, for that defendant's failure to keep the same sidewalk in repair.

The demurrer is based soley on the ground of misjoinder of causes of action.

It is obvious that the plaintiff is attempting to pursue two separate causes of action, each against a different defendant, in the same complaint, and therefore the two counts do not affect the same parties. Such a joinder is not permitted by our statute relating to the joinder of causes of action. General Statutes, § 5512.

It does not meet this objection to cite Practice Book, § 19. That section reads: "Persons may be joined as defendants against whom the *right to relief* is alleged to exist in the alternative, although a right to relief against one may be inconsistent with a right to relief against the other." (Italics added.) That rule is intended to apply only to a situation where a single cause of action is stated, that is where a single right of the plaintiff has been violated but where there is question as to whom the plaintiff has the right to look to for relief for the violation of that right.

In the present case the plaintiff claims two distinct causes of action, that is, that two separate rights of hers have been violated. She claims first that the city violated its statutory duty to her to keep the sidewalk in repair and second that the individual defendant violated her duty to her to exercise due care. This is quite a different situation from one in which a complaint states a single cause of action against two or more persons and then asks relief from either one or the other of those persons in the alternative.

For the foregoing reasons the demurrer is sustained.